UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| VICKIE L. SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11-164-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| APPALACHIAN REGIONAL ) | **AND ORDER** |
| HEALTHCARE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

If complete preemption is "preemption on steroids," *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005), then the Employment Retirement Income Security Act (ERISA) is federal law's Mark McGwire. The plaintiff, Vickie L. Sullivan, filed a state-law claim seeking to clarify her rights under an employee pension plan. Because the civil enforcement mechanism of ERISA completely preempts her claim, the defendants have properly removed the case to federal court. Preemption does not block Sullivan's new federal cause of action, but the Court must nonetheless dismiss her claim because she failed to exhaust her administrative remedies before filing suit.

## BACKGROUND

Vickie L. Sullivan worked for Defendant Appalachian Regional Healthcare, Inc., (Appalachian) for twenty-seven years before she became disabled in November 2009. R. 1-1 ¶¶ 2, 4. In June 2011, Sullivan began receiving workers' compensation payments of $114.28 per month because of her disability. *Id.* ¶ 6. That same month,

Sullivan applied to the Pension Committee of the Appalachian pension plan for disability retirement payments of $675 per month. The Pension Committee refused, however, to grant Sullivan's request because the plan required her to exhaust her "employer-provided disability program" benefits—which included workers' compensation—before she could receive pension payments. *Id.* at 6. Sullivan filed a petition for a declaration of rights in Pike Circuit Court on September 13, 2011, alleging that the Pension Committee denied her request in bad faith and that Appalachian's Collective Bargaining Agreement required it to offset workers' compensation payments against pension payments. *Id.* ¶¶ 12, 14. Appalachian removed the case to this Court, R. 1, and Sullivan filed a motion to remand. R. 4. On October 25, 2011, Appalachian also filed a motion to dismiss, R. 3, on the grounds that ERISA completely preempts Sullivan's claims.

## DISCUSSION

ERISA is a unique statute. Its civil enforcement mechanism, 29 U.S.C. § 1132(a), gives ERISA-plan participants a cause of action to seek their benefits, and this cause of action is an exclusive remedy that preempts any conflicting state-law causes of actions. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208-09 (2004). Ordinarily, defendants may only remove cases in which federal issues appear "on the face" of the plaintiff's complaint, a requirement commonly called the well-pleaded complaint rule. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). But a narrow exception to this rule exists for a few federal über-statutes—among them, ERISA's civil enforcement provisions—that hold "extraordinary pre-emptive power." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987). If a plaintiff files a state-

law complaint that should have been brought as an ERISA enforcement action, a defendant can remove the case because statute has "convert[ed] an ordinary state law common law action into one stating a federal claim for purposes of the well-pleaded complaint rule." *Davila*, 542 U.S. at 209 (quoting *Metro. Life*, 481 U.S. at 65-66)); *see also Warner v. Ford Motor. Co.*, 46 F.3d 531, 533-34 (6th Cir. 1995) ("[I]n order to come within the exception [to the well-pleaded complaint rule], a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action to recover benefits due to him under the terms of his plan . . . as provided in § 1132(a)(1)(B).").

In its notice of removal, R. 1, Appalachian argues that its pension plan is an "employee benefit plan" under ERISA, and that Sullivan's petition is an attempt to clarify her rights under that plan. Appalachian is correct on both points. ERISA defines an "employee pension benefit plan" as "any plan . . . established or maintained by an employer [that] . . . provides retirement income to employees." 29 U.S.C. § 1002(2)(A). The Appalachian pension plan provides "monthly retirement income" to its members, the employees of Appalachian. *See* Pension Plan R. 1-2, art. IV. And by its own terms, Sullivan's petition seeks a "Declaration of her Rights concerning receipt of her Pension," R. 1-1 at 5. This claim falls squarely within Sullivan's cause of action under ERISA to "enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Sullivan does not dispute either of these assertions. Instead, she contends that the Collective Bargaining Agreement does not allow the Pension Committee to "use a

3

workers [sic] compensation award to delay pension payments." R. 4 at 3. Perhaps she is correct. But even if she is, her argument does not defeat federal jurisdiction. Sullivan's state court petition seeks to recover benefits from an ERISA benefits plan—precisely the kind of claim that Sullivan could have pursued under ERISA. Sullivan's petition is therefore "within the scope of the civil enforcement provisions" of ERISA, and Appalachian can remove the case to federal court without satisfying the well-pleaded complaint rule. *Davila*, 542 U.S. at 209. Remand would be inappropriate.

      Appalachian also seeks to dismiss Sullivan's petition based on ERISA's power of complete preemption. R. 3-1 at 4. Yet this argument is too clever by half. Having hauled Sullivan into federal court because ERISA's complete preemption transformed her claim into a federal cause of action, Appalachian cannot dismiss that same claim on the grounds that ERISA preempts it. Even in its motion to dismiss, Appalachian points out that Sullivan's "only remedy, if she is entitled to one at all, is found under Section 502(a) of ERISA . . . ." *Id.* As another federal court has held, "ERISA cannot be both the match which sparks a claim's fire and the bucket of water used to extinguish it." *Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 817 (S.D. Ohio 2003); *see also Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1077-78 (7th Cir. 1992) (Easterbrook, J.) (reversing district court's dismissal of state-law claims completely preempted by ERISA).

      The Sixth Circuit has also declined to dismiss federal claims that began as state law claims on preemption grounds. For instance, after the Supreme Court reversed its decision in *Metropolitan Life*, the Sixth Circuit proceeded on remand to

4

review the district court's assessment of the transformed ERISA claim on its merits. *See Taylor v. Gen. Motors Corp.*, 826 F.2d 452, 455 (6th Cir. 1987). And when other preemptive federal statutes transformed state-law claims into federal claims, the Sixth Circuit has also considered the new federal claims on their merits. *See, e.g.*, *Ritchie v. Williams*, 395 F.3d 283, 287-89 (6th Cir. 2005) (Copyright Act); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 411 (6th Cir. 1998) (Labor Management Relations Act). Sullivan unwittingly established federal jurisdiction by filing a federal-law claim disguised in the language of state law, so the underlying federal nature of her claim allows her to proceed in federal court.

But one more obstacle stands in Sullivan's path. Appalachian points out, correctly, that Sullivan did not pursue the "Claims Review Procedures" outlined in the pension plan before she filed suit. Mot. to Dismiss, R. 3-1 at 8. The Sixth Circuit has held that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004) (quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)). ERISA actions that began life as state-law claims are no exception. *See, e.g.*, *Karls v. Texaco, Inc.*, 139 F. App'x 29, 32 (10th Cir. 2005) (requiring plaintiff to meet ERISA exhaustion requirements even when defendant removed state-law claims based on complete preemption). Before a plan beneficiary can bring an ERISA enforcement action against the Appalachian pension plan, the beneficiary must: (1) make a claim for benefits to the plan's Pension Committee, (2) receive a denial from the Committee, (3) request that the Committee review its decision, and (4) receive a denial on review.

Pension Plan, R. 1-2 at § 6.04. The Committee's decision on review "will contain a statement of the Claimant's right to bring a civil action under Section 502(a) of ERISA," *id.* at § 6.04(b)(2), and only at that point will the beneficiary have exhausted her administrative remedies. Sullivan "makes no allegation that she attempted to follow this administrative process prior to initiating her claim in state court," R. 3-1 at 8 n.6, and she did not attempt to cure this omission in her response to Appalachian's motion to dismiss. Neither did Sullivan excuse her failure to exhaust by showing the pension plan's procedures were futile or inadequate. *See, e.g.*, *Fallick*, 162 F.3d at 419. Because Sullivan failed to exhaust her administrative remedies, the Court cannot consider her claim on the merits and must dismiss it without prejudice. *See Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 344 (6th Cir. 2000).

Accordingly, it is **ORDERED** that Plaintiff's motion to remand, R. 4, is **DENIED**. It is further ordered that the Defendant's motion to dismiss, R. 3, is **GRANTED.** This case shall be **DISMISSED WITHOUT PREDJUDICE** and **STRICKEN** from the active docket of the Court.

This the 18th day of November, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge